MICHAEL L. SHIRTS, ESQ.
Nevada Bar No. 10223
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
ms@stevedimopoulos.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON PROCTOR,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>  Defendants. | CASE NO.: 2:23-cv-01513-JAD-EJY<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL REVIEW REQUESTED** |

Plaintiff, JASON PROCTOR ("Plaintiff"), by and through his counsel of record, DIMOPOULOS INJURY LAW, and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its counsel of record, CARMAN COONEY FORBUSH PLLC, submit the following Joint Discovery Plan and Scheduling Order ("Plan"). The parties conducted a discovery planning conference on October 18, 2023, and submit the discovery plan for review and approval. The date Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY appeared by filing an Answer was February 7, 2024.

The standard discovery plan would end discovery on August 21, 2024 with initial expert disclosures due on June 21, 2024 and rebuttal experts due on July 19, 2024. Given the nature of this matter, the parties are requesting special review to extend these standard deadlines as demonstrated below. This matter involves allegations of bad faith and thus necessitates corporate discovery to include in-depth written discovery responses and corporate designee



deposition(s). The parties will likely need to negotiate an applicable protective order and confidentiality stipulation that will require agreement prior to the disclosure of corporate policies and procedures. The claims file almost certainly contains over 1,000 pages that will require redaction and the creation of an appropriate privilege log. For the parties to adequately prepare their claims and defenses related to the bad faith allegations, all the appropriate documents must be disclosed, reviewed, and sent to various experts. Plaintiff will request various corporate documents that will have to be internally identified and properly redacted prior to production. Typically, production of internal confidential and proprietary claims documents can include documents in the thousands of pages. This portion of the file alone is anticipated to take several months.

Further, both parties seek to identify and retain expert witnesses in preparation for the trial in this matter. Given that the expert disclosure dates are fast approaching on the standard schedule, both parties anticipate that there will be a request for additional time. To avoid a future request of that nature, the parties have agreed to submit a plan that contemplates nine (9) months of discovery instead of the standard six (6) month timeframe.

1. Changes in the timing, form or requirements for Rule 26(a) Disclosures: The parties have agreed to Rule 26(f) disclosure deadline is March 8, 2024.

2. Subjects on which discovery may be made: The parties envision propounding written discovery, disclosing policies and procedures pursuant to protective order, conducting depositions of treating physicians, parties, corporate 30(b)(6) designees, and disclosed experts, and obtaining all relevant records through use of subpoena. The parties also may conduct further discovery as may be allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiff's Complaint and Defendant's Answer.

3. Changes to limitations on discovery: None.

4. Discovery of electronically stored information: The parties have implemented litigation holds and taken other reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

5. **Proposed Discovery Schedule for Special Review:**

| | |
|---|---|
| a. Close of Discovery: | October 18, 2024 |
| b. Amend pleadings and add parties: | July 19, 2024 |
| c. Initial Expert Disclosures: | August 19, 2024 |
| d. Rebuttal Expert Disclosures: | September 18, 2024 |
| e. Dispositive Motions: | November 15, 2024 |
| f. Pretrial Order: | December 13, 2024* |

*In the event that dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

6. Federal Rule of Civil Procedure 26(a)(3) Disclosures: All disclosures required by Fed.R.Civ.P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant to Paragraph 5 above. Said disclosures, and any objections thereto, must be made and implemented into the pretrial order no later than set forth in Paragraph 5.

7. Alternative dispute resolution: The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and, if applicable, early neutral evaluation. The parties agreed alternative resolution is not feasible at this time, but they will revisit these possibilities in the future.

8. Alternative forms of case disposition: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the

use of the Short Trial Program (General Order 2013-01). The parties agree that trial by magistrate and the Short Trial Program are not appropriate for this case.

9. Electronic evidence: The parties certify that they discussed the presentation of electronic evidence to the jury at trial. At this stage they are unable to ascertain the need for electronic evidence and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

IT IS RESPECTFULLY SUBMITTED.

DATED this __16th__ day of February 2024.

**DIMOPOULOS INJURY LAW**

/s/ Michael L. Shirts
MICHAEL L. SHIRTS, ESQ.
Nevada Bar No. 10223
6671 South Las Vegas Boulevard, 275
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

DATED this __16th__ day of February 2024.

**CARMAN COONEY FORBUSH PLLC**

/s/  Sean D. Cooney
SEAN COONEY, ESQ.
Nevada Bar No. 12945
ADAM EDWARDS, ESQ.
Nevada Bar No. 15405
4045 Spencer Street, Suite A47
Las Vegas, NV 89119
*Attorneys for Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*

IT IS HEREBY ORDERED that the Discovery Plan and Scheduling Order (ECF No. 13) is GRANTED.  The parties are reminded to comply with LR IA 6-2 when submitting a stipulation in the future.

Dated this 16th day of February, 2016.

_____
ELAYNA J. YOUCHAH
U.S. MAGISTRATE JUDGE